IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DRAESHUND K. MAGEE, #14800-003**                                                              **PLAINTIFF**

**v.**                                                                       **CAUSE NO. 1:21cv1-LG-RPM**

**GLENN L. WHITE, ET AL.**                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING PLAINTIFF'S COMPLAINT

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Draeshund K. Magee, an inmate of the Federal Correctional Institution in Bastrop, Texas, brings this Complaint pursuant to 42 U.S.C. § 1983. Magee is proceeding *in forma pauperis*. (Order, ECF No. 13). For the reasons set forth below, this case is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

**I.     Background**

On July 21, 2014, Magee pled guilty to possession of a controlled substance with intent to distribute before the Circuit Court of Pearl River County, Mississippi. (Ex., 51–53, ECF No. 1-1).[1] Glenn L. White served as Magee's retained counsel for these proceedings and County Court Judge Richelle Lumpkin served as Acting Circuit Judge by assignment. (*Id*. at 1, 3). According to Magee, Judge Anthony Mozingo was the Circuit Judge originally assigned to his case. (Compl., 46, ECF No. 1). Magee received a sentence of eight-years of imprisonment, which was

---

[1] All cited page numbers refer to CM/ECF pagination.

suspended pending his successful completion of a term of post-release supervision. (*Id.* at 1–2).

Magee states that approximately "8 to 9 months later" he was arrested by the City of Picayune on felony drug charges, which led to revocation proceedings for his term of post-release supervision. (Compl., 22, ECF No. 1). Magee retained attorney Melvin Cooper to represent him for the revocation proceedings. (*Id.*) On March 24, 2015, Magee's term of post-release supervision was revoked by acting Circuit Judge Lumpkin, and a seven-year term of imprisonment was imposed. (*Id.*; Ex., 56, ECF No. 1-1).

On April 15, 2016, Magee was convicted of conspiracy to distribute cocaine in the United States District Court for the Southern District of Alabama. *United States v. Magee*, No. 1:15-cr-352-001 (S.D. Ala. Apr. 15, 2016). Magee was ordered to serve a federal term of imprisonment of 107 months.[2] Magee names Fred Tieman and Gregory Hughues as his federal public defenders for this criminal case. On November 18, 2020, the sentencing court dismissed Magee's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *United States v. Magee*, No. 1:15-cr-352-001 (S.D. Ala. Apr. 15, 2016) (J., 1, ECF No. 85).

Magee states that on February 21, 2017, he was paroled from the Mississippi Department of Corrections to the federal Bureau of Prisons, where he remains

---

[2] The Judgement states that the term of 107-months "is not a departure, but rather an adjustment for time served as of March 9, 2015; said term to run concurrently with the State of Mississippi revocation case." *United States v. Magee*, No. 1:15-cr-352-001 (S.D. Ala. Apr. 15, 2016) (J., 2, ECF No. 70).

2

incarcerated.   (Ex., 45, ECF No. 7-2).

## II.     Procedural History

Magee's Complaint with Exhibits, Motions to Amend, and Amended Complaint with Exhibits, total over 1,100 pages.   In his original Complaint, attorneys Glenn L. White and Melvin Cooper, federal public defenders Fred Tieman and Gregory Hughues are named as Defendants along with Circuit Court Judge Anthony Mozingo, the 15th District Circuit Court, and the United States of America.   In Magee's first Motion to Amend, he adds the State of Mississippi and Pearl River County as Defendants. (Mot, 1, ECF No. 5).   In his second Motion to Amend, Magee adds a "criminal complaint" against the existing Defendants and the First National Bank of Picayune and Byron J. Stockstill, the bank's attorney. (Mot., 1–2, ECF No. 6).

In his Amended Complaint, Magee also includes the Mississippi Bar Association and the Mississippi Commission on Judicial Performance as Defendants. (Am. Compl., 2, ECF No. 7).   In the "statement of claim" attachment to his Amended Complaint, Magee states that he is bringing his Complaint under § 1983 as well as the Federal Tort Claims Act ("FTCA").   (Ex., 1, ECF No. 7-2).   In the cover letter accompanying Magee's Amended Complaint, he includes Judge Richelle "Dina" Lumpkin in the list of Defendants.   (Ex., 2, ECF No.7-1).

As relief, Magee seeks six to eight million dollars "or that a trial be conducted."   (Compl., 70, ECF No. 1; Am. Compl., 4, ECF No. 7).   In his second

3

Motion to Amend, Magee seeks the filing of criminal charges. (Mot., 2–3, ECF No. 6). In one of the attachments to his Amended Complaint, Magee seeks habeas relief from his federal conviction and sentence under 28 U.S.C. § 2255. (Ex., 1–2, ECF No. 7-2).

### III.  Liberal Construction

Since Magee is proceeding *pro se*, his pleadings are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) (citations omitted) (noting the filings of a *pro se* litigant "are entitled to the benefit of liberal construction"). Initially, the Court liberally construes the following as named Defendants: Glenn L. White, Melvin Cooper, Fred Tierman, Gregory Hughues, United States of America, Judge Anthony Mozingo, 15th District Circuit Court, State of Mississippi, Pearl River County, First National Bank of Picayune, Byron J. Stockstill, Mississippi Bar Association, Mississippi Commission on Judicial Performance, and Judge Richelle "Dina" Lumpkin.[3]

Magee brings this action under 42 U.S.C. § 1983, and in an attachment to his Amended Complaint, Magee states that he is also bringing his Complaint under the FTCA. (Ex., 1, ECF No. 7-2). Magee asserts allegations involving state and federal action. Since an action seeking relief for a constitutional violation by a federal agent is properly pursued as a *Bivens* action, the Court also considers Magee's

---

[3] Because Magee spends a great deal of his time challenging Judge Lumpkin's authority to act in his criminal case, the Court liberally construes Magee's filings to include Judge Lumpkin as a Defendant. (*See* Ex., 2, ECF No.7-1).

4

claims under *Bivens*. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (noting *Bivens* action is considered "federal analog" to suits brought against state actors under § 1983).

Magee's voluminous filings consist of allegations that include portions of state and federal statutes, constitutional terms, criminal laws, and various types of liability and recovery, along with copies of state and federal documents. In this Memorandum Opinion and Order, the Court summarizes Magee's allegations and considers his claims under § 1983, *Bivens*, the FTCA, and 28 U.S.C. §§ 2255, 2254. Any other statute or theory of recovery not specifically mentioned is inapplicable to Magee's allegations or patently frivolous.

## IV. Plaintiff's allegations

Magee initially complains about the legality of his 2011 or 2012 arrest[4] in Pearl River County, Mississippi. Magee argues that his 2014 guilty plea in the Pearl River County Circuit Court was involuntary or "forced" for various reasons including his belief that he would be immediately jailed on a bench warrant if he did not plead guilty. (Compl., 18, 20, ECF No. 1). Magee blames defense attorney White for this guilty plea and resulting sentence. The focus of Magee's complaints about the legality of his guilty plea, conviction, sentence, and revocation revolve

---

[4] Magee identifies the date of his arrest as April 12, 2012, and later refers to the date as April 12, 2011. (Compl.,13, 17, 71, ECF No. 1). A supplementary police report attached to Magee's Complaint reflects April 13, 2011, as the date of Magee's arrest. (Ex., 12, ECF No. 1-2).

5

around his belief that Judge Lumpkin, a Pearl River County Court Judge, illegally acted as a Circuit Court Judge during these proceedings.

Magee also claims that his 2015 federal sentence was illegally enhanced by 60-months based on his unlawful Pearl River County conviction and revocation. Magee complains that federal public defenders Tieman and Hughues "failed to object or even challenge" the use of his Pearl River County conviction to enhance his federal sentence.   (Ex., 22, ECF No. 7-2).

## V.   Discussion

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious."   *See* 28 U.S.C. § 1915 (e)(2)(B).   The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success."   *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992) (per curiam).   Since Magee is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).   Having completed that screening, it is apparent that Magee's claims are barred by absolute judicial immunity, by *Heck v. Humphrey*, 512 U.S. 477 (1994), by the applicable statute of limitations, or otherwise are frivolous.

As mentioned above, Magee primarily seeks relief under 42 U.S.C. § 1983. To have a viable claim under § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or

6

immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

### A. Judicial Immunity

Judge Mozingo and Judge Lumpkin enjoy absolute immunity from suit when performing acts within their judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Claims of bad faith, malice, and corruption do not overcome absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). Nor will a judge be deprived of immunity because the action he took was in error or in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57.

In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121,

1124 (5th Cir. 1993)). Applying the four *Ballard* factors to Magee's allegations, it is clear that the actions of Judges Mozingo and Lumpkin were "judicial in nature." *Id*. at 517.

Most of Magee's allegations attack the jurisdiction of Circuit Judge Mozingo's transfer of Magee's criminal case to County Court Judge Lumpkin and the resulting actions taken by Judge Lumpkin in his criminal case. Magee claims his conviction is invalid because Judge Lumpkin is not a Circuit Court Judge. The Mississippi Court of Appeals, addressing this issue found, "without question, a county court judge has jurisdiction to accept a plea and impose a sentence in a criminal case assigned by the circuit court." *Bennett v. State*, 2018-CA-00624-COA, 2019 WL 3562104, *2 (Miss. Ct. App. Aug. 6, 2019), reh'g denied (Nov. 12, 2019), cert. denied, 2018-CT-00624-COA (Miss. 2020). The Court explained that state law provides that "a circuit judge shall have the right to assign criminal matters to county court" and "no statute specifically requires [a circuit judge to enter] a written order of assignment" to the county court judge. *Id*. at *2–3. State law clearly provides authority for the actions taken in Magee's criminal case by Circuit Judge Mozingo and County Court Judge Lumpkin.

Magee fails to show that the judicial actions of Mozingo and Lumpkin were non-judicial in nature or taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57; *see also Harry v. Lauderdale Cty.*, 212 F. App'x. 344, 347 (5th Cir. 2007) (noting that merely acting in the absence of subject matter jurisdiction is

8

not enough to deprive a judge of judicial immunity). Therefore, Judges Mozingo and Lumpkin are entitled to absolute immunity from the claims asserted in this case.

### B. *Heck v. Humphrey*

The majority of Magee's claims are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction or imprisonment, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction or imprisonment. *Id.* at 487; *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 2004) (applying *Heck* to federal prisoner's civil rights claim); *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

In this suit, Magee is asking the Court to determine that his state criminal conviction, revocation, and federal sentence are unconstitutional and award him compensation for his unlawful incarceration. If the Court were to agree and find in Magee's favor, it would necessarily imply the invalidity of his state conviction and current federal term of imprisonment. Magee does not assert that his state conviction or federal sentence has been invalidated by any of the means set forth in *Heck*. Quite to the contrary, Magee argues vehemently for invalidation. Therefore, Magee's *Heck*-barred claims will be "dismissed with prejudice . . . until

the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### C. Statute of Limitations

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint barred by the statute of limitations is properly dismissed as legally frivolous under § 1915. *See Bates v. Price,* 368 F. App'x 594, 595 (5th Cir. 2010); *Gartrell v. Gaylor*, 981 F. 2d 254, 256 (5th Cir. 1993).

Claims brought under § 1983 or *Bivens*, are controlled by the applicable state statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 240 (1989) (§ 1983 claims); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (*Bivens* action). The applicable Mississippi statute of limitations period is three years. *See Rankin v. United States,* 556 F. App'x 305, 310 (5th Cir. 2014) (*Bivens* action); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (§ 1983 claims); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, federal law governs when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (§ 1983 claims); *Rankin*, 556 F. App'x at 310 (5th Cir. 2014) (*Bivens* action). An action

accrues when a plaintiff has "a complete and present cause of action." *Wallace*, 549 U.S. at 388. As noted by the Fifth Circuit:

> Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*).

Magee signed his Complaint [1] on December 19, 2020, and it was filed on this Court's docket on January 4, 2021.[5] As explained above, Magee's claims challenging the validity of his state conviction and revocation and his federal sentencing are barred by *Heck*. It is not entirely clear if Magee's complaints about the validity of his 2011 or 2012 arrest are *Heck*-barred. However, it is clear from Magee's allegations that at the time of his arrest in 2011 or 2012, Magee was aware of his alleged injury and the connection between the injury and each Defendants' alleged conduct. Therefore, even using the earliest file date of December 19, 2020,

---

[5] Pleadings submitted by prisoners acting *pro se*, are considered filed when the prison official receives the pleading for delivery to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

11

and the latest arrest date of April 12, 2012, Magee's arrest claims are time-barred.[6]

As stated above, in one of the attachments to his Amended Complaint, Magee states that he is bringing this Complaint under § 1983 and the Federal Tort Claims Act ("FTCA"). (Ex., 1, ECF No. 7-2). Magee has named the United States as a Defendant and includes assertions that negligent actions taken during his state case and his federal sentencing of April 15, 2016, are the cause of his unlawful federal confinement. (*See*, *e.g.*, Compl., 54, 56–57, 61 ECF No. 1). The limitations period for claims filed under the FTCA is two-years. *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988) (citing 28 U.S.C. § 2401(b)) (finding FTCA action "is barred unless the appropriate agency receives notice within two years after the action accrues"). Magee states that he did not pursue any administrative or legal remedies regarding the claims presented in this case until a fellow inmate informed him of such actions in late 2019 or early 2020, admittedly well-after the April 2018 deadline. (*See* Compl., 23, 25–29, ECF No. 1; Ex., 55, ECF No. 7-2). To the extent any of Magee's claims are proper under the FTCA and survive dismissal under *Heck*, they are time-barred.

---

[6] Magee also details an arrest occurring in 2005, as part of his "history" and "relationship" with attorney White. (Compl., 66–68, ECF No. 1). It does not appear that Magee is asserting separate claims regarding this arrest and the Court notes that such claims would be time-barred for the same reasons the 2012 arrest claims are time-barred.

12

**D. Request for criminal charges**

In his second Motion to Amend, Magee adds a "criminal complaint" against the existing Defendants and the First National Bank of Picayune and Byron J. Stockstill, the bank's attorney. (Mot., 1–2, ECF No. 6). Magee believes the acts he complains of constitute the felonies of fraud, "extortion, kidnapping, domestic terrorism, human trafficking, bribery, impersonation of State of Mississippi Circuit Court Criminal Conviction(s) times 2" and unlawful "felonious criminal imprisonment." (*Id.* at 4).

It is well-settled that a private citizen does "not have a constitutional right to compel a criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted); *see also Payne v. Jefferson Parish Sherriff's Dep't*, No. 14-225, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted) (noting a "victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator" and the "police's decision to pursue a criminal investigation is a discretionary one"). Clearly, Magee may not compel a criminal prosecution against any of the Defendants. Nor may Magee hold any of the Defendants liable for a failure to file criminal charges. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding the "decision to file or not file criminal charges" does not give rise to § 1983 liability). To the extent Magee is seeking the pursuit of criminal charges, his claims are frivolous. *Lewis v. Jindal*, 368 F. App'x 613, 614–15 (5th Cir. 2010) (affirming frivolous dismissal of § 1983 action seeking pursuit of criminal charges).

13

### E. Defendants State of Mississippi, Mississippi Bar Association, and Mississippi Commission on Judicial Performance

In his Amended Complaint, Magee includes the Mississippi Bar Association and the Mississippi Commission on Judicial Performance in the list of Defendants. In a section titled, "Exhaustion of Administrative Remedies," Magee states that he filed complaints with the bar association for the negligent actions of Defendants White and Cooper during his state conviction and revocation. (Ex., 56, ECF No. 7-2; *see* Ex. 2, ECF No. 7-13). Magee further states that he "notified" the Commission on Judicial Performance of the actions of Judge Mozingo and Judge Lumpkin, *see* Ex., 56, ECF No. 7-2, and attaches copies of his complaint and the responses from the Commission. (Ex. 2–8, ECF No. 7-14).

Section 1983 provides relief for deprivations committed by *persons* acting under color of state law. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) (noting under 42 U.S.C. § 1983, "claimants have a cause of action for civil rights violations only against 'persons.'"). The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491 U.S. at 70. The Mississippi Bar is considered an arm of the State of Mississippi. *See Davis v. State*, No. 96-60475, 1997 WL 368353, at *1 (5th Cir. June 20, 1997). Similarly, the Mississippi

Commission on Judicial Performance does not enjoy a separate legal existence from the State of Mississippi. *See Davis v. City of Vicksburg, Miss.*, No. 3:13-cv-886, 2015 WL 4251008, *7 (S.D. Miss. July 13, 2015) (explaining "the State of Mississippi has adopted the Canons of Judicial Conduct, enforced by the Mississippi Commission on Judicial Performance, which has the power to determine if a Judge has violated the canons and to make recommendations to the Mississippi Supreme Court"); *see also Mississippi Comm'n on Judicial Performance v. Russell*, 691 So.2d 929, 947–48 (Miss. 1997) (discussing purpose and function of commission). Magee may not seek relief under § 1983 against the State of Mississippi, the Mississippi Bar, or the Mississippi Commission on Judicial Performance.

### F.  Relief under 28 U.S.C. § 2255 and 28 U.S.C. § 2254

Magee claims his present incarceration is unlawful and "felonious . . . due to the adoption of the illegal conviction used to enhance his United States of America prison term." (Ex., 63, ECF No. 7-2). An inmate's challenge to the validity of his federal sentence is properly pursued in a motion pursuant to 28 U.S.C. § 2255, which "must be filed in the sentencing court." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citation omitted); 28 U.S.C. § 2255 (a).

In 2016, the sentencing court denied Magee's motion to vacate his federal sentence under § 2255. *United States v. Magee*, No. 1:15-cr-352-001 (S.D. Ala. Apr. 15, 2016) (J., 1, ECF No. 85). Since this Court did not impose Magee's federal sentence, this Court lacks jurisdiction to consider any attack to the validity of

15

Magee's sentence under § 2255. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that errors occurring during or before federal sentencing "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced" the petitioner). Magee's request for relief under § 2255 challenging the sentence imposed by the United States District Court for the Southern District of Alabama is dismissed with prejudice regarding the jurisdictional issue and without prejudice in all other respects. *See Pack*, 218 F.3d at 454–55.

To the extent Magee is challenging the validity of his state conviction, sentence, or revocation and seeks habeas corpus relief, his claims are not properly pursued in this § 1983 case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding 28 U.S.C. § 2254 is the exclusive federal remedy available to prisoners challenging the fact or duration of confinement pursuant to the judgment of a State court). Any claims Magee may be asserting for habeas relief under 28 U.S.C. § 2254 are dismissed without prejudice.

## VI. Conclusion

Having considered the pleadings and applicable law, the Court dismisses this civil action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). Magee's request for relief under 28 U.S.C. § 2255, is dismissed with prejudice as to the jurisdictional issue and without prejudice in all other respects. To the extent Magee is asserting any claims for habeas corpus relief

16

under 28 U.S.C. § 2254 in this civil action, his habeas claims are dismissed without prejudice.

Specifically, Magee's claims against Judge Mozingo and Judge Lumpkin are barred by absolute judicial immunity and dismissed as frivolous. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (affirming frivolous dismissal of § 1983 claim based on absolute immunity). To the extent Magee is seeking the pursuit of criminal charges, his claims are frivolous. *Lewis v. Jindal*, 368 F. App'x 613, 614–15 (5th Cir. 2010) (affirming frivolous dismissal of § 1983 action seeking pursuit of criminal charges). Likewise, Magee's time-barred claims are frivolous. *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010) (finding prisoner case barred by statute of limitations and dismissed as frivolous counts as a "strike" under § 1915(g)).

Finally, Magee's claims barred by *Heck v. Humphrey* are dismissed as frivolous and for failure to state a claim. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (finding *Heck*-barred claims fail to state a claim upon which relief may be granted); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck*-barred claims are "legally frivolous").[7]

---

[7] *See Colvin v. LeBlanc,* No. 19-30888, 2021 WL 2562449, at *3 (5th Cir. 2021) (reiterating that *Heck* does not pose a jurisdictional bar, explaining, "[w]e have routinely characterized a *Heck* dismissal as one for failure to state a claim"); *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (citing *Hamilton*, 74 F.3d at 102) (finding inmate's § 1983 "claims are frivolous as barred by *Heck v. Humphrey*").

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B).

**IT IS FURTHER ORDERED AND ADJUDGED** that Magee's request for relief under 28 U.S.C. § 2255, is dismissed **WITH PREJUDICE** as to the jurisdictional issue and **WITHOUT PREJUDICE** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that any claims for habeas corpus relief under 28 U.S.C. § 2254 asserted in this civil action, are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE